PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE WASHINGTON PENSON III, | ) | |
| | ) | CASE NO. 4:20CV0376 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| STEVEN TERNER MNUCHIN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro Se* Plaintiff George Washington Penson filed this action against United States Treasury Secretary Steven Terner Mnuchin and other federal and state officials. The Complaint (ECF No. 1) does not contain discernable legal claims. It does, however, make fairly clear that Plaintiff seeks dismissal of all of his criminal convictions, release from prison, and monetary damages, as remedies.

**I. Background**

Plaintiff is a federal prisoner convicted in the Northern District of Ohio and currently incarcerated in FCI Williamsburg. It appears that Plaintiff hopes adjudication of his case will result in the dismissal of his convictions and release from prison. How or why this would occur is not clear from the Complaint (ECF No. 1). Plaintiff declared himself to be a private business trust, and has named himself as the grantor, the beneficiary, the trustee, and the trust property. Plaintiff contends he is claiming his right to the trust estate and all the property in the trust. He claims, without explanation, that the Secretary of the Treasury is in possession of the trust

(4:20CV0376)

property without the consent of the beneficiary. Plaintiff provides a CUSIP number[1] and a routing number and suggests that he has perfected his birth certificate. He contends that as the beneficiary of the trust, he is claiming the trust property unless the Secretary of the Treasury can prove he has a higher claim to it. Plaintiff states that under the Debt Relief Act of 1793, he is demanding a conveyance from his trust to make payment for the remainder of his prison sentence and the expungement of his criminal cases. He also demands $2,000 per hour for the pain and suffering caused by his arrest and incarceration.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

---

[1] CUSIP stands for Committee on Uniform Securities Identification Procedures. A CUSIP number identifies most financial instruments. *See* https://www.sec.gov/answers/cusip.htm (last visited July 31, 2020).

(4:20CV0376)

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

(4:20CV0376)

### III. Law and Analysis

As an initial matter, Plaintiff fails to establish the Court's subject-matter jurisdiction. The United States as a sovereign may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896). Plaintiff therefore must reference some statute waiving sovereign immunity for the type of suit which he now brings. He has not pointed to any such statute.

Plaintiff contends the Court has jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The first statute, 42 U.S.C. § 1983 applies only to causes of action against state or local officials. It does not apply to the United States or federal officers. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A *Bivens*[2] action can be brought against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). It, however, does not support an action against the United States government, its agencies, or any of its officers sued in their official capacities. *Id.*; *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). The second statute, 28 U.S.C. § 1343(a)(4), merely provides jurisdiction "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." Plaintiff does not assert claims under any other civil rights statute.

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

4

(4:20CV0376)

The third statute, Title VII, provides a cause of action for employment discrimination. Plaintiff is not an employee of the Treasury Department. He has not provided a viable cause of action for which the United States has waived sovereign immunity for these Defendants. Thus, the Court lacks subject-matter jurisdiction to entertain this action.

Furthermore, Plaintiff cannot bring a civil rights action to collaterally attack his conviction, sentence or continued incarceration. To the extent he is seeking release, his sole remedy is habeas corpus, or in the case of a federal prisoner, a Motion to Vacate Conviction or Sentence under 28 U.S.C. § 2255. To the extent Plaintiff is seeking damages for a wrongful conviction or incarceration, he cannot proceed unless his conviction or sentence is set aside on appeal or by a court reviewing his § 2255 Motion. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). He is still incarcerated under valid convictions and sentences, so this cause of action cannot proceed.

Finally, and as important, Plaintiff's allegations fail to meet basic pleading requirements. The Complaint (ECF No. 1) must give defendants fair notice of what the legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint (ECF No. 1) contains no explanation of legal claims and no coherent statement of facts. Therefore, it is also dismissed as frivolous.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court

(4:20CV0376)

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

|   July 31, 2020   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |